UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2009

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| DARYL DWIGHT GRAY, | No. 07-56035 |
|---|---|
| Plaintiff - Appellant, | D.C. No. CV-06-03836-JVS<br>Central District of California, Los Angeles |
| v. | |
| ANTONIO VILLARAIGOZA, Mayor of Los Angeles; CITY OF LOS ANGELES POLICE DEPARTMENT; WILLIAM J. BRATTON; KELLOGG #31738; POZO, | **MANDATE** |
| Defendants - Appellees. | |



RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 1 7 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The judgment of this Court, entered 1/23/09, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

By: Synitha Walker
Deputy Clerk

FILED

JAN 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARYL DWIGHT GRAY,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>ANTONIO VILLARAIGOZA, Mayor of Los Angeles; et al.,<br><br>      Defendants - Appellees. | No. 07-56035<br><br>D.C. No. CV-06-03836-JVS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 13, 2009[**]

Before:   O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

Daryl Dwight Gray, a California state prisoner, appeals pro se from the district court's judgment dismissing pursuant to 28 U.S.C. § 1915A his civil rights

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

/Research

action as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed the action because a judgment in Gray's favor would necessarily imply the invalidity of Gray's conviction, and Gray failed to allege that his conviction has been invalidated. *See Heck*, 512 U.S. at 486-87.

The district court did not abuse its discretion by denying Gray's request for appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Gray's remaining contentions are unpersuasive.

**AFFIRMED.**

**United States Court of Appeals for the Ninth Circuit**
**Office of the Clerk**
95 Seventh Street; San Francisco, California 94103

**General Information**
**Judgment and Post-Judgment Proceedings**

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the file stamp date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1, 2)**
- The mandate will issue seven (7) calendar days after the expiration of the time for filing a petition for rehearing or seven (7) calendar days from the denial of a petition for rehearing, unless the court directs otherwise. If a stay of mandate is sought, an original and four (4) copies of the motion must be filed. The mandate is sent only to the district court or agency, we do not provide a copy to the parties.

**Publication of Unpublished Disposition (9th Cir. R. 40-2)**
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency, or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to 4)**

**(1)   A.   Purpose (Panel Rehearing):**
- A petition for panel rehearing should only be made to direct the Court's attention to one or more of the following situations:
    - A material point of fact or law overlooked in the decision;
    - A change in the law which occurred after the case was submitted and which appears to have been overlooked by the panel;
    - An apparent conflict with another decision of the court which was not addressed in the opinion.
- Petitions which merely reargue the case should not be filed.

**B. Purpose (Rehearing En Banc)**
- Parties should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full court is necessary to secure or maintain uniformity of its decisions; or
  - The proceeding involves a question of exceptional importance; or
  - The opinion directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing may be filed within fourteen (14) days from entry of judgment. Fed. R. App. P. 40 (1)
- If the United States or an agency or officer thereof is a party in a civil appeal, the time for filing a petition for rehearing is 45 days from entry of judgment. Fed. R. App. P. 40 (1)
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- *See 9th Cir. R. 40-2* (motion to publish unpublished disposition)

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies**
- The format is governed by 9th Cir. R. 40-1 and Fed. R. App. P. 32(c)(2).
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If an unrepresented litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.
- The petition or answer must be accompanied by a certificate of compliance found at Form 11.

- If a petition for panel rehearing does not include a petition for rehearing en banc, the movant shall file an original and 3 copies.
- If the petition for panel rehearing includes a petition for rehearing en banc, the movant shall file an original and 50 copies.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The bill of costs must be filed within 14 days after entry of judgment.
- See attached form for additional information.

**Attorney's Fees**

- Circuit Rule 39-1 describes the content and due dates for attorney fee applications.
- Any relevant forms are available on our website www.ca9.uscourts.gov or by telephoning 415 355-7806.

**Petition for Writ of Certiorari**

- Please refer to the Rules of the United States Supreme Court at www.supremecourtus.gov

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please notify **in writing within 10 days**:
  - West Publishing Company; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor), and
  - Clerk, U.S. Court of Appeals; PO Box 193939; San Francisco, CA 94119-3939 (Attn: Opinions Clerk).

Form 10. Bill of Costs .................................................................. *(Rev. 1-1-05)*

## United States Court of Appeals for the Ninth Circuit

### BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and Circuit Rule 39-1 when preparing your bill of costs.

_____ v. _____                                CA No. _____

The Clerk is requested to tax the following costs against:_____

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, Circuit Rule 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs.* | Pages per Doc. | Cost per Page ** | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page | TOTAL COST |
| Excerpt of Record | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other | | | | | | | | |
| | | | TOTAL | $ | | | TOTAL | $ |

**Form 10. Bill of Costs -** *Continued*

**Other:** Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys fees **cannot** be requested on this form.

\* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.

\*\* Costs per page may not exceed .10 or actual cost, whichever is less. Circuit Rule 39-1.

I, _____, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature: _____
Date: _____

Name of Counsel (printed or typed): _____
Attorney for: _____

Date: _____   Costs are taxed in the amount of $_____

                                              Clerk of Court
                                              By: _____, Deputy Clerk